UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RALPH SAUNDERS     CIVIL ACTION

VERSUS     NO. 19-11482

ROBERT WILKIE, SECRETARY,     SECTION "R" (5)
U.S. DEPT. OF VETERANS AFFAIRS,
ET AL.

## **ORDER AND REASONS**

Before the Court is defendants Janet Dhillon's and Carlton Hadden's motion to dismiss for failure to state a claim.[1] Because plaintiff has no cause of action against Dhillon or Hadden in their official capacities, the Court grants the motion.

**I.    BACKGROUND**

This case arises from an employment dispute. Saunders was an employee at the Department of Veterans Affairs in New Orleans until 2005.[2] He alleges he retired due to disability.[3] In 2017, plaintiff was informed he would not receive Federal Employees' Compensation Act benefits, as the

---

[1]    R. Doc. 45.
[2]    *See* R. Doc. 1 at 13 ¶ III.
[3]    *See id.* at 12 ¶ II.

VA's position was that he resigned in lieu of termination.[4] Saunders filed an EEOC complaint with the VA in 2018, in which he alleged retaliation and discrimination.[5] This complaint was dismissed for failure to state a claim.[6] Saunders then appealed to the EEOC, which affirmed the decision and denied plaintiff's request for consideration.[7]

Plaintiff later sued various parties in connection with this EEOC complaint. Among them were Janet Dhillon, in her official capacity as Chair of the EEOC, and Carlton Hadden, in his official capacity as Director of the EEOC's Office of Field Operations.[8] Saunders essentially alleges that his complaint and subsequent appeal were mishandled, and that the EEOC failed to properly consider his claims.[9] Dhillon and Hadden moved to dismiss plaintiff's claims.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view

---

[4] *See id.*
[5] *See id.* at 14 ¶ IV.
[6] *See id.* at 14 ¶ V.
[7] *See id.* at 15 ¶ VI.
[8] *See generally* R. Doc. 1.
[9] *See id.* at 27-28 PP XXIII-XXIV.

2

the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III. DISCUSSION

Title VII does not confer a right of action against the EEOC as an enforcement agency. *See Newsome v. EEOC*, 37 Fed. App'x 87, *3 (5th Cir. 2002) (dismissing plaintiff's claims against the EEOC which alleged the EEOC failed to perform its duties); *see also Gibson v. Mo. Pac. Ry.*, 579 F.2d 890, 891 (5th Cir. 1978) ("Title VII . . . confers no right of action against the enforcement agency."). Because plaintiff's claims against the EEOC are at bottom that the EEOC failed to do its duties as an enforcement agency, the Court lacks jurisdiction to consider these claims.[10]

Moreover, Title VII imposes liability only upon *employers* for their acts of discrimination in the workplace. *See, e.g., Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994) ("Under Title VII, an 'employer' may not discriminate on the basis of race, color, religion, sex, or national origin."); *Hamlett v. Ashcroft*, No. 3:03-2202, 2004 WL 813184, at *2 (N.D. Tex. Apr. 14, 2004) ("Plaintiff was not an employee of the EEOC at any time relevant

---

[10] Although defendants purportedly move under Federal Rule of Civil Procedure 12(b)(6), because the Court lacks jurisdiction to consider plaintiff's claims against Dhillon and Hadden, the proper procedural method for dismissal is Rule 12(b)(1). *See, e.g., Hamlett v. Ashcroft*, No. 3:03-2202, 2004 WL 813184, at *3 (N.D. Tex. Apr. 14, 2004) (dismissing similar claims against the EEOC for lack of subject matter jurisdiction under Rule 12(b)(1)). The Court will therefore consider defendants' motion under Rule 12(b)(1) as well as Rule 12(b)(6).

to this suit. Thus, plaintiff cannot state a claim of discrimination against the EEOC under Title VII."). Saunders was never an employee of the EEOC. He therefore lacks a claim against the EEOC under Title VII.

IV. **CONCLUSION**

For the foregoing reasons the Court GRANTS defendants' motion to dismiss.

New Orleans, Louisiana, this __25th__ day of March, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE