UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RALPH SAUNDERS                                      CIVIL ACTION

VERSUS                                                      NO. 19-11482

ROBERT WILKIE, SECRETARY, U.S.              SECTION "R" (5)
DEPT. OF VETERANS AFFAIRS, ET AL.

## ORDER AND REASONS

Plaintiff objects to Magistrate Judge Michael North's order denying leave to file an amended complaint.[1]   Defendant opposes the objection.[2] Because the Magistrate Judge's opinion was not clearly erroneous or contrary to law, the Court overrules the objection.


## I.    BACKGROUND

This case arises from an employment dispute.   Plaintiff filed a complaint in this Court on July 2, 2019.[3]  After a conference, the Court issued a scheduling order that established May 26, 2020, as the deadline for amendments to the pleadings.[4]   On June 16, 2020, after the deadline had expired, plaintiff moved for leave to file an amended complaint.[5]   The

---

[1]    R. Doc. 75.
[2]    R. Doc. 78
[3]    R. Doc. 1.
[4]    R. Doc. 56 at 1.
[5]    R. Doc. 72.

government opposed the motion.[6]   Plaintiff's motion was referred to Magistrate Judge Michael North, and he denied it, finding that plaintiff failed to show good cause under Federal Rule of Civil Procedure 16.[7]  Plaintiff timely objected under Federal Rule of Procedure 72(a).[8]

## II.   DISCUSSION

When a plaintiff timely objects to a magistrate judge's order, the district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  For the following reasons, the Court finds that Magistrate Judge North's order was not clearly erroneous or contrary to law.

Under Rule 15(a)(1), a plaintiff may amend the complaint once, as a matter of course, "within 21 days of serving it," or within 21 days of a responsive pleading or motion under Rule 12(b), (e), or (f).  After that period, a party may "amend its pleading only with the opposing party's consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  But, a party's ability to amend its pleadings may be further limited by a court's scheduling order if it sets a deadline for amended pleadings.  *See Sw. Bell Tel. Co. v. City of El Paso*, 346

---

[6]   R. Doc. 73.
[7]   R. Doc. 74.
[8]   R. Doc. 75.

F.3d 541, 546 (5th Cir. 2003).  In such a case, an untimely attempt to amend the complaint requires a showing of good cause to extend the deadline under Rule 16(b)(4).   In making its determination of good cause, the Court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Id.*

The Court will consider the proposed amendments under Rule 15(a) only upon a showing of good cause to extend the deadline in the scheduling order.  *Id.*  Even if the permissive Rule 15(a) standard applies, a district court may "deny a motion to amend if it is futile."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).   The Fifth Circuit defines "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted," and applies the "same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Id.*

As other courts in the Fifth Circuit have noted, "the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order."  *E.E.O.C. v. Serv. Temps*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).  The Fifth Circuit in *E.E.O.C. v. Service Temps*, 679 F.3d at 334, held that it is "squarely within

[the district court's] sound discretion" to deny leave to amend under Rule 16(b)(4) if it finds that the plaintiff has not satisfied the first good-cause factor by "account[ing] for its delay."

As noted, the Court's scheduling order set the deadline for amendments as May 26, 2020.[9]   Plaintiff moved for leave to amend his complaint on June 16, 2020.[10]   In his motion, plaintiff did not provide an explanation for why he failed to comply with the Court's deadline.  Plaintiff's failure to explain his delay is "dispositive."   *Id.*   Accordingly, Magistrate Judge North's order, finding that plaintiff failed to show good cause and denying plaintiff's request for leave to amend, was not clearly erroneous or contrary to law.

Additional reasons support the Court's conclusion.  As to the second good cause factor, the Court finds that the proposed amendments lack importance.  Plaintiff states that he is not raising new facts or allegations, but only seeks to add a "legally required" defendant—the United States—and to bring claims under 42 U.S.C. § 1981(b).[11]   Neither of these additions is "important."  First, defendants moved on their own to add the United States

---

[9]    R. Doc. 56 at 1.
[10]   R. Doc. 72.
[11]   R. Doc. 75-1 at 3, 4.

as a party in substitution for the individual defendants.[12]  The Court granted the motion.[13]  It found that, under 28 U.S.C. § 2679(d)(1), the United States was "automatically substituted" for the individual defendants after the Government certified that the individual defendants were acting in the scope of their employment.[14]  Second, plaintiff cannot maintain a claim under 42 U.S.C. § 1981(b).  In both the original complaint and his proposed amended complaint, Saunders alleges violations of Title VII.[15]  "It is well settled that the provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims." *Hampton v. I.R.S.*, 913 F.2d 180, 182-83 (5th Cir. 1990).  The Fifth Circuit has expressly found that Title VII preempts a § 1981 claim "where a plaintiff brings a § 1981 claim based on the same facts as the Title VII claim." *Sapp v. Potter*, 413 F. App'x 750, 753 (2011); *Rowe v. Sullivan*, 967 F.2d 186, 189-90 (5th Cir. 1992).  Plaintiff's proposed amended complaint makes clear that his § 1981 claims are based on the same facts as his Title VII claims.[16]  Because plaintiff's § 1981 claims

---

[12]     R. Doc. 47 at 1.

[13]     R. Doc. 79 at 11.

[14]     *Id.* at 12.

[15]     R. Doc. 75-4 at 2 (Proposed Amended Complaint); R. Doc. 1 at 2 (Original Complaint).

[16]     R. Doc. 75-4 at 3 ("[T]he facts, actions, omissions and torts described as committed by the defendants in his original Complaint are also in

are preempted by Title VII, the Court finds that plaintiff's proposed amendment to add these claims is unimportant.  For the same reasons, even if plaintiff had shown good cause to add his § 1981 claims, the Court finds that this amendment would be "futile."  *Stripling*, 234 F.3d at 873.

Therefore, the Court finds that Magistrate Judge North's order was not clearly erroneous or contrary to law.  The Court declines to modify or set aside any part of Magistrate Judge North's order.

## III.  CONCLUSION

For the foregoing reasons, the Court OVERRULES plaintiff's objections to the Magistrate Judge's order and DENIES his request for reconsideration and reversal of the Magistrate Judge's order denying his leave to amend his complaint.

New Orleans, Louisiana, this __18th__ day of November, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

violation of Federal Law Statutes prohibiting Racial Discrimination and Interference in Employment mandated by 42 U.S.C. § 1981(b). . . . [sic]").