UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RALPH SAUNDERS | CIVIL ACTION |
| VERSUS | NO. 19-11482 |
| DENIS MCDONOUGH, SECRETARY,<br>U.S. DEPT. OF VETERANS AFFAIRS,<br>ET AL. | SECTION "R" (5) |

**ORDER AND REASONS**

Before the Court is defendant the U.S. Department of Veterans Affairs' motion for summary judgment[1] on plaintiff Ralph Saunders' claims under the federal employee provisions of Title VII, 42 U.S.C. § 2000e-16, *et seq*. Defendant contends that plaintiff failed to exhaust administrative remedies for his retaliation and discrimination claims, and alternatively that he cannot show that the VA's legitimate, non-discriminatory reason for its actions were pretextual.[2] For the following reasons, the Court grants the motion.

---

[1] R. Doc. 80 (Motion for Summary Judgment).
[2] R. Doc. 80-3 at 6-12 (Memorandum in Support of Motion for Summary Judgment).

I.  **BACKGROUND**

The undisputed record facts are as follows. Saunders worked for the VA until 2005.[3] While employed at the VA, Saunders brought several administrative complaints for discrimination and retaliation.[4] As part of Saunders' separation, the parties agreed to settle all pending complaints, with Saunders to receive a $240,000 payment.[5] The settlement agreement provided that Saunders was "qualified to apply for disability retirement insurance."[6] The settlement also states that Saunders "shall retain any rights he may otherwise have to file a claim for workers' compensation," but the VA made "no representations . . . regarding eligibility" for compensation.[7] Further, under the agreement, Saunders' personnel records were to "reflect

---

[3]  R. Doc. 80-2 at 1, ¶ 1 (Defendant's Statement of Uncontested Material Facts); R. Doc. 88-1 (Plaintiff's Contradiction of Defendant/Mover's Statement of Uncontested Facts). Under Eastern District of Louisiana, Local Rule 56.1, the moving party must submit concise statement of material facts which it contends present no issue. The VA supplied the statement as required by the local rules. R. Doc. 80-2. Under Eastern District of Louisiana, Local Rule 56.2, the party opposing summary judgment, Saunders, must also include a list of facts which it contends present a genuine issue of material fact. Saunders has supplied a statement. R. Doc. 88-1. But Local Rule 56.2 also provides that "[a]ll material facts in the moving party's statement will be deemed admitted, for the purposes of the motion, unless controverted in the opponent's statement." Saunders has admitted various facts by not controverting them.
[4]  *See* R. Doc. 80-4 at 4 (Settlement Agreement).
[5]  *Id.* at ¶ 1.1, 2.1.
[6]  *Id.* at 2, ¶ 2.3
[7]  *Id.* at 1, ¶ 1.3.

that he resigned as of May 31, 2005 for personal reasons . . . ."[8] Subsequently, Saunders sought and received disability retirement in the form of an annuity through the Office of Personnel Management ("OPM").[9] On August 29, 2006,[10] Saunders' personnel records were altered to reflect that he retired due to disability,[11] rather than resigned,[12] effective May 30, 2005.

Starting at least in 2006, Saunders began seeking alternative compensation benefits under the Federal Employment Compensation Act ("FECA") through the Department of Labor's ("DOL") Office of Workers' Compensation ("OWCP").[13] In connection with that request, Audrey Fitzhugh, a claims examiner with the VA, informed Saunders, in a letter also addressed to the OWCP, that Saunders was ineligible for compensation because he resigned for personal reasons.[14] Plaintiff now contends that this action was retaliatory for his EEO activity before 2005, and because of his successful settlement agreement to resolve those claims.

---

[8]  *Id.* at 2, ¶ 2.5.
[9]  R. Doc. 80-2 at 2, ¶ 4.
[10] R. Doc. 93-2 at 2, ¶ 2 (Robin Miller Affidavit).
[11] R. Doc. 93-2 at 9 (Notification of Personnel Action Reflecting Retirement for Disability).
[12] R. Doc. 93-2 at 3 (Notification of Personnel Action Reflecting Resignation).
[13] R. Doc. 80-4 at 23 (Fitzhugh Letter).
[14] *Id.*

Plaintiff pursued administrative claims against the VA for breach of the settlement agreement in 2006[15] and again in 2013.[16] There is no evidence that Saunders asserted a retaliation claim against the VA regarding the conduct alleged in this complaint until he filed an administrative complaint in January 2018.[17]

Plaintiff's administrative claims failed, but he continued to seek benefits under FECA for wage loss compensation.[18] In a letter dated September 7, 2017, the OWCP instructed Saunders to "provide medical rationale to the DOL to establish" his entitlement to those benefits.[19] On December 5, 2017, Tamela Waters, a claims examiner with the OWCP, informed Saunders of his election "to receive compensation benefits under

---

[15] R. Doc. 80-6 at 3-12 (2006 Office of Resolution Management ("ORM") Decision).
[16] R. Doc. 80-6 at 13-17 (2013 ORM Decision); R. Doc. 80-4 at 15-22 (2015 EEOC Appeal).
[17] R. Doc. 80-5 at 6 (2018 Administrative Discrimination Complaint).
[18] Defendant has submitted documents from the OWCP's files, including letters from Saunders challenging the decision that he was not entitled to benefits. R. Doc. 93-3 at 13 (August 27, 2015 Saunders Letter); R. Doc. 93-3 at 14-15 (August 11, 2013 Saunders Letter); R. Doc. 93-3 at 19 (October 21, 2013 Saunders Letter); R. Doc. 93-3 at 25 (June 8, 2015 Saunders Letter). In the letters, Saunders' asserts that OWCP denied his claim based on "false information" from the VA. *Id.* at 13, 19, 25. The only indication in the letters as to when the VA sent the purportedly false information is that it occurred "after Hurricane Katrina." R. Doc. 93-3 at 19.
[19] R. Doc. 80-5 at 4 (Rivera Letter).

4

[FECA] in lieu of benefits from [OPM]."[20] But according to a letter by Dean W. Woodard, a regional director with the DOL, that election "was issued in error," and the agency continued to request medical evidence showing Saunders' entitlement to wage loss compensation.[21] Ultimately, the DOL denied Saunders request based on inadequate medical evidence showing that he was unable to work.[22]

Although plaintiff contends that,[23] in 2017, Debbie Richards at the VA sent an email to Tamela Waters at the OWCP containing false information about the reason for plaintiff's separation—allegedly causing the denial of his compensation claim—there is no evidence of this email, or that Richards' statement was the reason his claim was denied. Instead, the only evidence of Richard's communications to individuals with the DOL is Woodard's letter, in which he states that Richards, on a date not specified, provided the following information: that Saunders' "case file noted that he resigned in lieu of returning to work;" he failed to provide medical documentation showing "work restrictions;" he submitted a resignation, effective May 30, 2005 "stating [that] he was resigning due to personal reasons;" and he "was

---

[20]  R. Do. 80-5 at 3 (December 5, 2017 Waters Letter).
[21]  R. Doc. 93-3 at 27-28 (Woodard Letter).
[22]  R. Doc. 93-3 at 26 (May 10, 2018 Waters Letter).
[23]  R. Doc. 88 at 6 (Opposition to Motion for Summary Judgment).

5

approved for disability retirement from the [OPM] as of" May 30, 2005 based on his "Notice of Personnel Action."[24] Woodard does not indicate that the OWCP relied on any statement by VA employees that Saunders had resigned, rather than retired due to disability, when it denied his claim. Indeed, the record reflects that the OWCP denied the compensation claim because Saunders failed to show that he was unable to work, not based on the reason for his separation.[25]

On December 20, 2017, plaintiff contacted an EEO counselor.[26] On January 23, 2018, he filed a formal administrative complaint stating a generic claim of retaliation.[27] This claim was denied by the VA's Office of Resolution Management ("ORM"),[28] and by the EEOC on appeal[29] and reconsideration.[30] On July 2, 2019, plaintiff filed this lawsuit, which includes claims under Title VII for retaliation and gender and color discrimination.[31] Defendant moves for summary judgment, arguing that plaintiff failed to exhaust administrative remedies, or in the alternative, that he failed to show

---

[24] R. Doc. 93-3 at 27 (Woodard Letter).
[25] R. Doc. 93-3 at 26 (May 10, 2018 Waters Letter).
[26] R. Doc. 80-2 at 4, ¶ 22 (Defendant's Statement of Uncontested Material Facts).
[27] R. Doc. 80-5 at 6 (2018 Administrative Discrimination Complaint).
[28] R. Doc. 80-5 at 9-13 (2018 ORM Decision).
[29] R. Doc. 80-4 at 8-12 (2018 EEOC Decision).
[30] R. Doc. 80-4 at 13-14 (2019 EEOC Decision).
[31] R. Doc. 1 at 13, 18 ¶¶ III, XI (Complaint).

that defendant's legitimate, nondiscriminatory reasons for its actions were pretextual.[32] Plaintiff opposes the motion.[33] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting

---

[32] R. Doc. 80-3 at 10-12 (Memorandum in Support of Motion for Summary Judgment)
[33] R. Doc. 88.

10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

8

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; Little, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III. DISCUSSION

### A. Retaliation

The VA contends that Saunders failed to timely exhaust administrative remedies for his retaliation claims, and alternatively, that they fail on the merits.[34] The EEOC's regulations provide that, before a federal employee brings a discrimination complaint before his or her agency, the employee must bring his or her claims before an EEO counselor. 29 C.F.R. § 1614.105(a)(1). Pursuant to 29 C.F.R. § 1614.105(a)(1), the employee must

---

[34]    R. Doc. 80-3 at 6-10, 10-12 (Memorandum in Support of Motion for Summary Judgment).

9

assert the claim to the counselor within 45 days of the allegedly discriminatory conduct. According to the Fifth Circuit, "[f]ailure to notify the EEO counselor within [the 45 day] time period constitutes a failure to exhaust administrative remedies and acts as a bar to judicial pursuit of those claims." *Swanson v. Perry*, 69 F. App'x 658 (5th Cir. 2003) (*Pancheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992)). The VA contends that plaintiff failed to meet this requirement, arguing that the alleged retaliation occurred in 2006.[35] Plaintiff argues that the VA's alleged conduct is subject to the "continuing violation doctrine,"[36] and that he timely contacted an EEO counselor on December 20, 2017.

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 107-08 (2002), the U.S. Supreme Court considered the applicability of the continuing violation doctrine to three types of claims: retaliation, discrimination, and hostile work environment. The Court treated the retaliation and discrimination claims as not subject to the continuing violation doctrine because such claims are based on "discrete acts." *Id.* at 110-15. The Court noted that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable

---

[35] R. Doc. 80-3 (Memorandum in Support of Motion for Summary Judgment).
[36] R. Doc. 88 at 8-9 (Opposition to Motion for Summary Judgment).

10

'unlawful employment practice.'" *Id.* at 114. The time for bringing claims based on such practices begins tolling on the day the "unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Accordingly, the Court held that all of plaintiff's retaliation and discrimination claims for acts that occurred outside the period for filing were "untimely filed and no longer actionable." *Id.* at 115.

In contrast, the Court in *Morgan* held that hostile work environment claims are not barred if "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* The Court reasoned that hostile environment claims are "different in kind from discrete acts." *Id.* at 115. Unlike in discrimination and retaliation claims, the unlawful employment practice alleged in a hostile environment claim "occurs over a series of days or perhaps years." *Id.* Thus, even though many of the acts alleged as part of the plaintiff's hostile environment claim occurred outside the filing period, the Court held that the defendant could still be held liable for that conduct. *Id.* at 120-21.

Following *Morgan*, the Fifth Circuit has held that "retaliation is, by definition, a discrete act, not a pattern of behavior." *Hamic v. Harris Cty. W.C. & I.D. No. 36*, 184 F. App'x 442, 447 (5th Cir. 2006). Thus, "post-*Morgan*, a plaintiff can only recover for retaliation to the extent that it

11

occurred within the limitations period, that is, the continuing violations doctrine does not apply to retaliation." *Id.*

Accordingly, plaintiff must point to a discrete retaliatory act that occurred within 45 days before he contacted an EEO counselor, *i.e.*, December 20, 2017. As noted, there is evidence that the VA communicated to the OWCP that Saunders resigned, rather than retired due to disability, in 2006.[37] But there is no evidence that plaintiff brought a retaliation or discrimination claim based on this statement before an EEO counselor within 45 days of that event. Accordingly, the Court finds that plaintiff failed to timely exhaust his administrative remedies regarding the VA's allegedly retaliatory statements occurring in 2006. But plaintiff also complains about allegedly retaliatory statements made by the VA to the OWCP in 2017,[38] resulting in denial of his compensation claim. The Court will assume, for this opinion, that plaintiff's contact with the EEO counselor on December 20, 2017 timely exhausted a retaliation claim regarding these statements.

Nevertheless, any claim regarding the alleged 2017 conduct fails on the merits because plaintiff fails to produce evidence that the VA's action constituted a discrete act of retaliation. Under the *McDonnell Douglas Corp.*

---

[37] R. Doc. 80-4 at 23 (Fitzhugh Letter).
[38] R. Doc. 88 at 6 (Opposition to Motion for Summary Judgment).

*v. Green*, 411 U.S. 792 (1973), burden-shifting framework, plaintiff carries the initial burden of establishing a *prima facie* claim. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Saunders must support his claim with evidence that (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Id.* at 610. If he succeeds, the burden shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the action. *Id.* "Defendant's burden is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Finally, if defendant satisfies its burden, the burden shifts back to the plaintiff to show pretext—that defendant was motivated by retaliatory animus. *Septimus*, 399 F.3d at 608.

Plaintiff contends that he has carried his initial burden. First, he contends that he engaged in protected activity: he brought EEOC complaints in 2005, and received a cash payment to settle those charges.[39] Second, he argues that the VA took an adverse employment action when it misrepresented the reason for his separation to OWCP examiners, resulting in their denial of his FECA claims.[40] Third, plaintiff states in conclusory

---

[39] R. Doc. 88 at 19 (Opposition to Motion for Summary Judgment).
[40] *Id.* at 19-20.

13

fashion that "there is a casual [sic] connection between the [p]laintiff's previous legal victories . . . culminating in his 2005 [s]ettlement."[41] These arguments, in particular for the second element of plaintiff's *prima facie* claim, lack evidentiary support.

For an action to be an "adverse employment action" in the context of a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotations omitted). There is no evidence in the record that the VA took such an action within 45 days of December 20, 2017. In his opposition brief, plaintiff represents that, on December 2, 2017, Debbie Richards, a VA employee, sent an email to Tamela Waters, an OWCP claims examiner, that he had resigned rather than retired for disability.[42] But this email is not before the Court, nor is its existence supported by affidavit or deposition testimony. The only evidence of statements made by the VA to third parties regarding plaintiff's employment records is Dean W. Woodard's July 23, 2018 letter to U.S. Senator Bill Cassidy.[43] In the letter, Woodard

---

[41]   *Id.* at 20.
[42]   *Id.* at 6.
[43]   R. Doc. 93-3 at 27-28 (Woodard Letter).

14

describes conversations with Richard in which she accurately described plaintiff's personnel file, including that Saunders was approved for disability retirement based on a change to his personnel file as of May 30, 2005.[44] Moreover, the record reflects that the OWCP denied plaintiff's compensation benefits because he failed to produce medical records showing that he was unable to work.[45] Because plaintiff has failed to show that the VA did anything more than accurately describe his employment records, and because the OWCP denied plaintiff's FECA benefits for lack of medical support, the Court finds that plaintiff has failed to introduce summary judgment evidence to support that the VA took an "adverse employment action" in 2017.

Further, defendant has pointed to a legitimate, nondiscriminatory reason for the alleged statements by the VA to the OWCP that Saunders resigned, rather than retired. Specifically, defendant argues that Saunders' retirement status was mutually agreed to under the parties' 2005 settlement agreement.[46] The settlement agreement states that Saunders' personnel file "will reflect that he resigned as of May 31, 2005 for personal reasons . . . ."[47]

---

[44]   *Id.* at 27.
[45]   R. Doc. 93-3 at 26 (May 10, 2018 Waters Letter).
[46]   R. Doc. 80-3 at 11-12 (Memorandum in Support of Motion for Summary Judgment)
[47]   R. Doc. 80-4 at 5, ¶ 2.5 (Settlement Agreement).

Any statements the VA made to third-parties that plaintiff's personnel file indicates that he resigned are consistent with the terms of the parties' settlement agreement. Moreover, the only 2017 evidence of such a statement also states accurately that plaintiff took disability retirement on May 30, 2005.[48] Thus, the Court finds that defendant has carried its burden of showing a legitimate, non-discriminatory reason for statements it allegedly made regarding the reason for plaintiff's separation with VA.

To rebut defendant's reason, plaintiff must identify evidence showing that defendant's motives were pretextual. *Henry v. Cont'l Airlines*, 415 F. App'x 537, 540 (5th Cir. 2011). At summary judgment, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Id.* (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)). In his response to defendant's motion, Saunders relies solely on conclusory statements that VA employees provided misinformation to third parties in retaliation for the settlement agreement plaintiff reached in 2005. *Cf. id.* (finding that a plaintiff failed to carry his burden of showing pretext when he relied on "speculation, general accusations, and his own subjective belief that he has been discriminated against"). Plaintiff has submitted no evidence suggesting

---

[48] R. Doc. 93-3 at 27 (Woodard Letter).

that the VA was motivated by retaliatory or discriminatory animus. Because plaintiff has failed to produce evidence of a *prima facie* claim of retaliation, and because he likewise fails to identify evidence to suggest that the VA was motivated by retaliatory animus, the Court must grant defendant's motion for summary judgment on plaintiff's retaliation claim.

### B.    Discrimination

Defendant argues that plaintiff failed to exhaust administrative remedies regarding his claim for gender and skin-color discrimination under Title VII based on the limited scope of his initial administrative complaint, filed January 23, 2018.[49] The Fifth Circuit has held that lawsuits may not "exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *Castro v. Texas Dep't of Crim. Just.*, 541 F. App'x 374, 379 (5th Cir. 2013) (citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). Although the Fifth Circuit "construe[s] an EEOC complaint broadly," it only does so "in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *Id.* (internal quotation marks and citation omitted). In *Castro*, the Fifth Circuit found that "an investigation into race or sex discrimination" could

---

[49]    R. Doc. 80-3 at 10.

not be expected to grow out of a charge when a plaintiff listed only age discrimination and retaliation on his complaint, though the form he used contained boxes to check for discrimination based on, "race," "color," and "sex." *Id.*

Here, the form complaint that Saunders filled out contains a section for "basis" and states that a complainant "must list the bases" for the complaint, including "race," "color," "religion," "sex," "national origin," "age," "disability," "genetic information," and "reprisal."[50] Nevertheless, plaintiff listed only "retaliation" as the basis for his charge, and pointed to various letters and forms as the "incidents" giving rise to his claim.[51] Much like in *Castro*, the Court finds that an EEOC investigation into skin-color or sex discrimination could not be expected to grow out of this charge. *Id.* Accordingly, the Court finds that plaintiff has failed to create an issue of material fact as to whether he exhausted administrative remedies for his skin-color and gender discrimination claims. The Court must grant defendant's motion for summary judgment on these claims.

---

50     R. Doc. 80-5 at 6.
51     *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims for retaliation and discrimination under Title VII are DISMISSED.

New Orleans, Louisiana, this __14th__ day of April, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE